IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

ABBIE LYNN FIELDS,
RONNIE FIELDS, as guardian and
next friend of ZACHERY LYLE FIELDS,

          Plaintiffs,

v.                                         CIVIL ACTION NO. 3:12-4046

NORFOLK and SOUTHERN RAILWAY
COMPANY d.b.a NORFOLK and SOUTHERN
CORPORATION,

          Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending is Defendant's Motion to Dismiss Plaintiffs' claims pursuant to Federal Rule of Civil Procedure 12. ECF No. 4. Defendant argues that Plaintiffs' claims must be dismissed on several grounds, including lack of personal jurisdiction, improper venue, insufficient process, insufficient service of process, and failure to state a claim. For the reasons stated below, Defendant's motion is **GRANTED IN PART** and **DENIED IN PART**. Additionally, Plaintiffs' Motion to Amend (ECF No. 7 at 3) is **GRANTED**.

                    I.        FACTUAL BACKGROUND

This case arises from a December 2008 automobile collision in Wayne, West Virginia. Plaintiffs allege that on December 2, 2008, an automobile driven by Plaintiffs' mother, Samantha Fields, collided with a train owned and operated by Defendant. Compl. ¶ 4. Samantha Fields was killed in the collision. Plaintiff Abbie Lynn Fields, a minor at the time, was a passenger in the vehicle and suffered injuries. *Id.* Zachary Lyle Fields was not involved in the collision.

On March 1, 2012, Plaintiffs filed a complaint in the Circuit Court of Wayne County, West Virginia, identifying "Norfolk and Southern Railway Company d.b.a. Norfolk and Southern Corporation" as the defendant. Plaintiff Abbie Fields asserts a negligence claim for personal injuries and loss of parental consortium. *Id.* ¶ 7. Zachary Fields, through his guardian and next friend Ronnie Fields, asserts a negligence claim for loss of parental consortium. *Id.* ¶ 8. Defendant removed the case to this Court pursuant to 28 U.S.C. § 1441, invoking the Court's diversity jurisdiction. Notice of Removal, ECF No. 1. Plaintiffs did not contest removal.

Defendant now moves to dismiss Plaintiffs' claims pursuant to Rule 12 of the Federal Rules of Civil Procedure. ECF No. 4. Defendant argues that dismissal is appropriate because of lack of personal jurisdiction, improper venue, insufficient process, insufficient service of process, and failure to state a claim upon which relief can be granted. The motion has been fully briefed and is now ripe for disposition. Accordingly, the Court turns to the parties' arguments and applicable legal standards.

## II. ANALYSIS

### A. Personal Jurisdiction and Improper Venue

First, Defendant argues that Plaintiffs' complaint should be dismissed pursuant to Rules 12(b)(2), for lack of personal jurisdiction, and 12(b)(3), for improper venue, because the Court lacks personal jurisdiction over Defendant. Defendant contends that the named entities in the caption of this case—"Norfolk and Southern Railway Company" and "Norfolk and Southern Corporation"—do not exist. As Defendant interpreted the Complaint, it appears that Plaintiffs intended to name "Norfolk Southern Railway Company" as Defendant. *See* Notice of Removal, ECF No. 1 at 1 n.1 ("Plaintiffs wrongfully listed the name of Defendant Norfolk Southern Railway Company as 'Norfolk and Southern Railway Company d.b.a. Norfolk and Southern

2

Corporation.'"). The complaint was served by personal delivery upon registered agent Roger Petersen on July 16, 2012. *See* Summons, ECF No. 5-1 at 5. Defendant was also served via certified mail from the West Virginia Secretary of State, which service was received on July 11, 2012. ECF No. 5-1 at 2-3. Defendant does not contest that it received service (though it contends service of process was late), and subsequently filed this motion to dismiss. Regardless of Plaintiffs' error in identifying Defendant in the Complaint, Defendant claims that this Court lacks personal jurisdiction over it and thus the case was brought in an improper venue.

This Court has personal jurisdiction over Defendant if: (1) Defendant falls within the terms of an applicable long-arm statute; and (2) the exercise of personal jurisdiction would be consistent with the Due Process Clause of the Fourteenth Amendment. *See Consulting Engineers Corp. v. Geometric Ltd.*, 561 F.3d 273, 277 (4th Cir. 2009); *Mitrano v. Hawes*, 377 F.3d 402, 407 (4th Cir. 2004); *English & Smith v. Metzger*, 901 F.2d 36, 38 (4th Cir. 1990). Because West Virginia's long-arm statute is co-extensive with the constitutional reach, the two factors merge into a single inquiry—whether exercising personal jurisdiction over Defendant is consistent with the Due Process Clause. *In re Celotex Corp.*, 124 F.3d 619, 627-28 (4th Cir. 1997).

The exercise of personal jurisdiction does not offend the Due Process Clause if Defendant has sufficient "minimum contacts" with the forum such that requiring Defendant to defend its interests there does not "offend traditional notions of fair play and substantial justice." *Id.* (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (citation omitted)). Defendant's contacts with the forum must have been purposeful; that is, Defendant must have purposely availed itself of the privilege of conducting activities within the selected forum. *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985)). Even if a defendant lacks those contacts with the state which would support it being subject to general jurisdiction, a court

3

may nonetheless exercise specific jurisdiction over a defendant if the defendant's contacts with the forum provided the basis for the suit.  *See Mitrano*, 377 F.3d at 406-07; *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 397 (4th Cir. 2003).

Before the Court can determine if personal jurisdiction exists, it is first necessary to clarify whom Plaintiffs named as Defendant in this case.  It appears to the Court that "Norfolk Southern Railway Company" was the intended defendant.  Plaintiffs' complaint alleges that "Norfolk and Southern Railway Company" is a company doing business as "Norfolk and Southern Corporation."  Plaintiffs have alleged, therefore, that Defendant is a single entity known by both names.  Defendant argues that Plaintiffs actually intended to assert their claims against Norfolk Southern Corporation, which is a Virginia corporation with its principal place of business in Norfolk, Virginia, and it is not registered to do business in West Virginia.  ECF No. 5 at 3.  It claims that it "neither transacts nor conducts any business within the State of West Virginia," nor has it "purposefully availed itself of the benefits and protections of the State of West Virginia." Norfolk Southern Railway Company, however, is an operating subsidiary of Norfolk Southern Railway Company.  *See* Ex. 4, ECF No. 8-4.  Therefore, the two are distinct but related business entities.

Defendant argues that because "Plaintiffs consistently refer to the Defendant in their Complaint as 'Norfolk and Southern Corporation,' and Plaintiffs['] prayer for relief is against [the same entity]," then they must only be seeking recovery from Norfolk Southern Corporation.  ECF No. 5 at 3.  The Court disagrees with this conclusion.  While it is true that Plaintiffs consistently referred to "Norfolk and Southern Corporation" throughout the complaint, Plaintiffs apparently did so believing that Norfolk Southern Corporation was the business name under which Norfolk Southern Railway Company operated.  The complaint plainly identifies "Norfolk and Southern

4

Railway Company" first as Defendant, and the internal references to "Norfolk and Southern Corporation" are due to Plaintiffs' mistaken belief that the Corporation was the operating name of the Company.[1]

In opposing Defendant's motion to dismiss, Plaintiffs requested leave to amend the complaint to correct the name of Defendant. ECF No. 7 at 3. While such a motion should have been clearly identified as such in a separate pleading, the Court nonetheless finds it prudent to allow Plaintiffs the opportunity to amend their complaint to properly identify the defendant against whom Plaintiffs make their claims. Federal Rule of Civil Procedure 15 permits a party to amend a pleading once as a matter of course within 21 days after service of a motion under Rule 12(b), if a responsive pleading is required. Fed. R. Civ. P. 15(a)(1). A party may amend its pleadings in all other cases only with the opposing party's written consent or the Court's leave. The Court will freely give leave when justice so requires. Fed. R. Civ. P. 15(a)(2). An amendment that asserts a claim that would otherwise be time barred will not be so barred if it relates back to the original pleading. Rule 15(c)(1)(C) provides that an amendment that changes the naming of the party against whom a claim is asserted relates back if several factors are satisfied. First, the amendment must assert a claim or defense that arose out of the transaction or occurrence set out in the original pleading. Second, within the time required by Rule 4(m) for serving the summons and the complaint, the party to be named must have: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) known or should have known that the action would

---

[1] Plaintiffs may have erred in identifying the Defendant based on the correspondence from Defendant's claims department. The letterhead lists "Norfolk Southern Corporation" and the company logo prominently at the top, identifying a Casualty Claims Department located in Bluefield, West Virginia. At the bottom of the letter in small print, the form states "Operating Subsidiary: Norfolk Southern Railway Company." *See, e.g.,* ECF No. 8-4.

have been brought against it, but for a mistake concerning the proper party's identity. Fed. R. Civ. P. 15(c)(1)(C).

Here, Plaintiffs seek to amend the complaint only in order to properly identify the intended Defendant. The claims, therefore, will remain unchanged and arise from the same transaction or occurrence, thus satisfying the first element. Next, while Plaintiffs failed to effect service within Rule 4's 120-day requirement, service was effected shortly thereafter and for the reasons discussed in more detail below, the Court will exercise its discretion under the Rule to extend the time period for service. Finally, it is apparent that Defendant should have known the Plaintiffs' error in identifying it by proper name in the complaint. Plaintiffs mistakenly inserted an "and" into Defendants' name and confused the relationship between the entities. Plaintiffs had already initiated an internal claims process with Norfolk Southern when this case was originally filed, and thus Defendant can hardly claim surprise that Plaintiffs would have brought an action against it. Indeed, when it removed the action to this Court, Defendant identified itself as "Norfolk Southern Railway Company," and noted that "Plaintiffs wrongfully listed the name of Defendant" in the Complaint. ECF No. 1 at 1 n.1.

Defendant argues that it would suffer prejudice as a result of an amendment because it may lose a statute of limitations defense, citing *Stand Energy Corp. v. Columbia Gas Transmission Corp.*, No. 2:04-CV-0867, 2005 WL 1862419 (S.D. W. Va. Aug. 4, 2005). ECF No. 8 at 8. The Court finds no undue prejudice here. In *Stand Energy Corp.*, the plaintiff had initially listed unnamed "John Doe" defendants in the complaint and the Court granted leave to amend the complaint to include the named defendants after the statute of limitations had expired. *Stand Energy Corp.*, 2005 WL 1862419, at *2. There was no evidence in that case that the previously unnamed defendants received notice of the action within the appropriate service period such that

6

they would not be prejudiced in defending on the merits. Here, Defendant received notice of the suit days after the prescribed service period expired, and given its superior knowledge of the relationship and business activities of both Norfolk Southern Railway Company and Norfolk Southern Corporation, should have known the party Plaintiffs intended to sue. *See Krupski v. Costa Crociere S. p. A.*, 130 S. Ct. 2485, 2498 (2010) ("It is also worth noting that Costa Cruise and Costa Crociere are related corporate entities with very similar names . . . . This interrelationship and similarity heighten the expectation that Costa Crociere should suspect a mistake has been made when Costa Cruise is named in a complaint that actually describes Costa Crociere's activities.").

The Court therefore **GRANTS** Plaintiffs' motion to amend the complaint to properly identify the Defendant. Defendant's motion to dismiss for lack of personal jurisdiction and improper venue is consequently **DENIED WITHOUT PREJUDICE** to file a renewed motion should Plaintiffs' file an amended complaint.

### B. Insufficient Process

Defendant argues that this case should be dismissed pursuant to Rule 12(b)(4) for insufficient process because the Summons listed Defendant as "Norfolk and Southern Railway Company d.b.a. Norfolk and Southern Corporation," and neither of those names identify entities in existence. ECF No. 5 at 4. Rule 4(a) of both the Federal Rules of Civil Procedure and the West Virginia Rules of Civil Procedure require the summons to identify the court and the parties and to be directed to the defendant. Fed. R. Civ. P. 4(a); W. Va. R. Civ. P. 4(a). Although the rule requires the summons to identify the parties, the Fourth Circuit has recognized that noncompliance with Rule 4 does not mandate dismissal where the necessary parties have received actual notice of a suit and where they have not been prejudiced by the technical defect. *Karlsson v. Rabinowitz*,

318 F.2d 666, 668-69 (4th Cir. 1963); *see also Health Care Indem., Inc. v. King*, No. 2:05-CV-0913, 2006 WL 3342203, at *9-10 (S.D. W. Va. Sept. 25, 2006).[2]

Here, it is undisputed that Defendant Norfolk Southern Railway Company received actual notice of the suit. Furthermore, Defendant has not identified any prejudice that has arisen from this technical defect in the summons itself.[3] A defendant has a right to receive a summons that complies with the Federal Rules and in cases of a misnomer, leave to amend the summons is the appropriate remedy. *United States v. A.H. Fischer Lumber Co.,* 162 F.2d 872, 873-74 (4th Cir. 1947) ("[T]he [defendant] corporation had the right to be accurately named in the process and pleadings of the court; and the misnomer was properly raised."). Therefore, given the Court's decision allowing Plaintiffs to amend the complaint to correct Defendant's name, the Court additionally grants Plaintiffs leave to amend the summons which it may do, if at all, no later than 30 days after the amended complaint is filed. *See Health Care Indem., Inc.*, 2006 WL 3342203, at *10. Accordingly, Defendant's motion to dismiss for insufficient process is **DENIED WITHOUT PREJUDICE** to file a renewed motion pending Plaintiffs' service of an amended summons.

### C. Insufficient Service of Process

Next, Defendant argues that this action should be dismissed for insufficient service of

---

[2] The law in West Virginia is to the same effect. West Virginia prohibits the dismissal of an action because of a misnomer (a party is styled in other than his correct name). *Johnson v. Huntington Moving & Storage, Inc.*, 239 S.E.2d 128, 131 n.1 (W. Va. 1977) (citing *First Nat'l Bank of Ceredo v. Huntington Distilling Co.*, 23 S.E. 792 (1895) & *Grafton Grocery Co. v. Home Brewing Co. of Grafton*, 54 S.E. 349 (1906)). An objection to a misnomer cannot be raised by a motion to dismiss under Rule 12 of the West Virginia Rules of Civil Procedure, because a misnomer does not fall within any of the enumerated grounds for such a motion. *Id.* at 131. Rather, Rule 15, relating to amendment of pleadings, controls the correction of a misnomer. *Johnson*, 239 S.E.2d 128, Syl. Pt. 3.

[3] The Court recognizes that Defendant does complain of prejudice regarding the *service* of the summons, which the Court addresses in Section II.C. of this Opinion.

process. Under Federal Rule of Civil Procedure 12(b)(5), a party may move to dismiss for insufficient service of process. Where service of process occurred prior to removal to federal court, state law controls the question of whether service was proper. *Wolfe v. Green*, 660 F. Supp. 2d 738, 745–46 (S.D. W. Va. 2009) (citing *Lee v. City of Beaumont*, 12 F.3d 933, 936–37 (9th Cir. 1993)). Under West Virginia Rule of Civil Procedure 4(d)(1), individuals may be served by, *inter alia*, having "[t]he clerk send[] a copy of the summons and complaint to the individual to be served by certified mail, return receipt requested, and delivery restricted to the addressee . . . ." W. Va. R. Civ. P. 4(d)(1)(D). Pursuant to Rule 4(k), service must be effected within 120 days after the complaint is filed. W. Va. R. Civ. P. 4(k). If a plaintiff fails to do so, and shows good cause, a court "shall extend the time for service for an appropriate period." *Id.* Therefore, Plaintiffs' claims will be dismissed unless Plaintiffs can show good cause for their failure to achieve proper service within the 120-day requirement, or if the Court, in its own discretion, extends the time for service. *Id.*; *Burkes v. Fas-Chek Food Mart Inc.*, 617 S.E.2d 838, Syl. Pt. 3; 844 (W. Va. 2005). The West Virginia Supreme Court of Appeals has found that to establish good cause under Rule 4(k), a plaintiff must show more than "mere inadvertence, neglect, misunderstanding, or ignorance of the rule or its burden." *State ex rel. Charleston Area Medical Center v. Kaufman*, 475 S.E.2d 374, 381 (W. Va. 1996). A court may consider the following to determine whether good cause has been satisfied and whether a plaintiff has exercised reasonable diligence:

> (1) length of time to obtain service; (2) activity of plaintiff; (3) plaintiff's knowledge of defendant's location; (4) ease with which location could have been known; (5) actual knowledge by defendant of the action; and (6) special circumstances.

*Id.* at 380 (citations omitted). If good cause is not established, and a court seeks to exercise its discretion, among the factors it may consider are: (1) whether the defendant evaded service, (2) whether the defendant knowingly concealed a defect in service, (3) whether the statute of

9

limitations has expired, and (4) whether the defendant has been prejudiced by the failure to serve. *Burkes*, 617 S.E.2d at Syl. Pt. 4.

The complaint in this case was filed in the Circuit Court of Wayne County on March 1, 2012. According to the West Virginia Rules of Civil Procedure, therefore, service must have been effected by June 29, 2012. The complaint and summons were accepted by the West Virginia Secretary of State for service on July 6, 2012, after the 120-day period had expired. ECF No. 5-2, Ex. B. Plaintiffs argue that good cause existed for their failure to effect service within the 120-day period. Specifically, Plaintiffs claim that a copy of the complaint was provided to Defendant's agent and that service was delayed at the agent's request "in order to try to resolve the matter without attorney cost," although Plaintiffs do not state exactly when the complaint was allegedly sent. ECF No. 7 at 2. Plaintiffs' counsel then was admittedly aware of the service requirement, but chose not to satisfy that obligation. There is no evidence that Defendant received proper service or had actual receipt of the complaint by June 29, 2012. Defendant offers a July 5, 2012 letter from Plaintiffs' counsel that states "[e]nclosed please find a courtesy copy of the complaint filed." ECF No. 8-5. Defendant's employee J. Blake Chambers further attests that he never received a copy of the complaint and did not discuss service of the complaint with Plaintiffs. ECF No. 8-2 ¶¶ 8-9. Plaintiffs assert no convincing reason for their failure to properly serve Defendant within 120 days of filing the suit.

Turning to the relevant factors, the Court concludes that Plaintiffs had sufficient time to obtain service. Plaintiffs had knowledge of Defendant's location and knew where to effect service, as demonstrated by counsel's correspondence with Defendant and the belated successful service through the West Virginia Secretary of State. It is unclear to the Court whether Defendant had actual knowledge that a civil action had been filed prior to the service in July 2012. After a

consideration of all the relevant factors, the Court finds that good cause does not exist to excuse the late service under Rule 4(k). Plaintiffs have offered no convincing reason why they could not have effected service by June 29, 2012, or why counsel did not even request a summons be issued until July 2, 2012. Even if Defendant's employee had initially suggested that Plaintiffs delay service, Plaintiffs should have completed service within the timeframe when it became apparent that the parties would not settle the matter before the service period expired. Plaintiffs have not shown that the failure to serve within the timeframe resulted from something other than "inadvertence, neglect, [or] misunderstanding."

Nonetheless, the Court will exercise its discretion to extend the time for service in this case. The time allowed for service should be extended to accommodate the actual service which has now been effectuated upon Defendant. By Defendant's own count, Plaintiffs effected service upon the Secretary of State within 127 days—seven days after the 120-day service period prescribed under the rules. *See* ECF No. 5 at 5. Without minimizing the failure of Plaintiffs' counsel to effect service within the prescribed time period, it appears that counsel did initiate service immediately after he realized the deadline had passed and was ultimately seven days late. *See Bd. of Trustees of Trucking Employees of N.J. Welfare Fund v. Canny*, 876 F. Supp. 14, 16 (N.D.N.Y. 1995) (denying motion to dismiss pursuant to Rule 12(b)(5) where service was perfected only two days beyond the 120-day limitation and because the statute of limitations would bar plaintiff's refiling against the defendants). Plaintiffs' claim that their failure to serve within 120 days was predicated on the belief that the parties would resolve the matter in settlement discussions, and there is evidence that the parties corresponded privately at least once after the suit was filed. *See* March 21, 2012 Letter from Chambers to Jarrell, ECF No. 8-4. Additionally, the parties agree that the statute of limitations for this action expired on March 1, 2012—the day Plaintiffs filed

11

suit.[4]  Therefore, dismissing this action without prejudice for ineffective service would have the severe result of permanently barring Plaintiffs' claims.  Finally, the Court notes that Defendant had actual knowledge that the Plaintiffs had claims against it, because Plaintiffs had initiated Defendant's internal claims process prior to filing their lawsuit.  Defendant itself initially notified Plaintiff Abbie Lynn Fields of the statute of limitations and voluntarily extended the statute in order to evaluate the claims within their internal processes.  Letter from Chambers to Fields, ECF No. 7-1, Feb. 13, 2012.[5]  Furthermore, Defendant continued to correspond with Plaintiffs about their claims through their attorney, after the March 1, 2012 statute expired.  Letter from Chambers to Jarrell, ECF No. 7-1 at 3, Mar. 21, 2012.  Accordingly, under these circumstances, Defendant's motion to dismiss pursuant to Rule 12(b)(5) is **DENIED.**

> D.     **Failure to State a Claim**

Finally, Defendant argues that Plaintiffs' claims for loss of parental consortium should be dismissed for failure to state a claim, pursuant to Rule 12(b)(6).  ECF No. 5 at 6.  Specifically, Defendant argues that such claims are derivative in nature and must be asserted with an action by the deceased or injured parent for his or her injuries.  Because Plaintiffs are asserting their loss of

---

[4] The date of the alleged injury was December 2, 2008.  Compl. ¶ 4.  West Virginia law requires personal injury actions to be filed within two years of the date of accrual.  West Virginia Code Section 55-2-15 tolls the statute as to plaintiffs who were infants at the time the cause of action accrued.  Such plaintiffs may file suit within two years after becoming full age.  W. Va. Code § 55-2-15.  According to the correspondence between Plaintiffs and Defendant, Plaintiff Abbie Lynn Fields's birthday is on March 1st and the statute of limitations therefore expires two years after she became full age, which appears to the Court to be March 1, 2012.

[5] Defendant's February 13, 2012 letter states in relevant part:
> This letter will serve as notice to you that we recognize that your statute of limitations is due to expire on March 1, 2012 on your 20th birthday.  We are now extending your statute until May 1, 2012.  We feel this extension is necessary in order for us to obtain and review your additional medical records from Wayne, WV and Tri-State Healthcare.  This is an important tool to aid us, in fully evaluating your claim.

ECF No. 7-1.

consortium claims as a separate action and not associated with a wrongful death suit for the death of Samantha Fields, Defendant argues that these claims must be dismissed.

To survive a Rule 12(b)(6) motion to dismiss, "the facts alleged must be enough to raise a right to relief above the speculative level and must provide enough facts to state a claim to relief that is plausible on its face." *Kendall v. Balcerzak*, 650 F.3d 515, 522 (4th Cir. 2011); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Accepting the factual allegations in the complaint as true (even when doubtful), the allegations "must be enough to raise a right to relief above the speculative level . . . ." *Id.* (citations omitted). If the allegations in the complaint, assuming their truth, do "not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id.* at 558 (internal quotation marks and citations omitted).

"Parental consortium" refers to "the relationship between parent and child and is the right of the child to the intangible benefits of the companionship, comfort, guidance, affection and aid of the parent." *Belcher v. Goins*, 400 S.E.2d 830, 834 (W. Va. 1990). West Virginia recognizes the validity of a claim by family members, including minor children, for damages for loss of consortium in cases involving the wrongful death of a family member. *Id.*; W. Va. Code § 55-7-6(c)(1). The West Virginia wrongful death statute allows distribution of damages to the surviving spouse and children, which damages include those for "(A) Sorrow, mental anguish, and solace which may include society, companionship, comfort, guidance, kindly offices and advice of the decedent; [and] (B) compensation for reasonably expected loss of . . . (ii) services, protection, care and assistance provided by the decedent." W. Va. Code § 55-7-6(c)(1). The West Virginia Supreme Court of Appeals has also explicitly recognized a claim for loss of parental consortium by a minor against a tortfeasor who negligently injures, but does not kill, the minor child's parent.

13

*Belcher*, 400 S.E.2d, Syl. Pt. 3. In *Belcher*, that court observed that in recoveries for wrongful death, the problem of exposing the tortfeasor to potentially numerous, delayed claims by the minor children is avoided because the decedent's personal representative brings the action and compensation is then distributed accordingly. *Belcher*, 400 S.E.2d at 839 (citing W. Va. Code 55-7-6(a)). To avoid the same possibility of multiplicity of actions against a defendant in cases where a parent is injured but not killed, the court imposed a similar procedural requirement for parental consortium claims. In West Virginia, therefore, a "claim for parental consortium ordinarily must be joined with the injured parent's action against the alleged tortfeasor," *Belcher*, 400 S.E.2d, Syl. Pt. 5, because the child's claim "is secondary to the parent's primary claim," *id.* at 842.

In this case, Plaintiffs assert loss of parental consortium claims after their mother, Samantha Fields, was killed, allegedly due to Defendant's negligence. *Belcher*'s requirement that a claim for loss of parental consortium must be joined with the injured parent's action against the tortfeasor therefore does not directly apply here, where the parent is deceased. Nonetheless, the Court concludes that given *Belcher*'s detailed discussion of recovery by minors in both the wrongful death and injury contexts, West Virginia law does not permit Plaintiffs to assert a separate cause of action for loss of consortium in a wrongful death action. *See Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995) ("[W]e doubt that there can be a separate cause of action for loss of consortium in a wrongful death action under West Virginia law, as loss of consortium is treated as a part of the damages awarded in a wrongful death action.") (citing *Belcher,* 400 S.E.2d at 834 & n.4 (1990)). To permit Plaintiffs to assert derivative claims for loss of parental consortium independent of an action for the underlying death of the parent would be to wholly disregard the West Virginia Supreme Court of Appeals's thorough analysis and conclusion that

consortium claims must be joined with the injured parent's action against the alleged tortfeasor. Because Plaintiffs make no claim for wrongful death of their mother, they may not assert the derivative claims for loss of parental consortium in this action. *Cf. Lucas v. United Fabricating, Inc.*, No. 5:06CV154, 2007 WL 2477347, at *3 (N.D. W. Va. Aug. 29, 2007) (denying motion to dismiss consortium claims where plaintiffs "alleged that [defendant] injured [the father plaintiff] and that the claims of his wife and children for loss of consortium are derivative of the alleged initial injury to [him]"). Accordingly, the Court **GRANTS** Defendant's motion with respect to the loss of parental consortium claims. Plaintiffs' claims for loss of parental consortium are **DISMISSED**.

## CONCLUSION

Regrettably, Plaintiffs' pursuit of their case to date has been characterized by inattention to detail and failure to observe applicable rules of procedure and deadlines. Plaintiffs admittedly erred in identifying Defendant's proper name in the complaint; Plaintiffs were late in effecting service of process upon Defendant; and Plaintiffs were late in filing their response to Defendant's motion to dismiss. Finally, Plaintiffs inappropriately embedded a motion to amend their complaint in their late-filed response. Despite these errors and for the reasons discussed above, the Court will exercise its discretion as provided under the Rules of Civil Procedure. Plaintiffs' counsel, however, will be strictly held to all applicable rules of procedure and filing deadlines in this case going forward. Accordingly, it is **ORDERED**:

(I) Plaintiffs' motion to amend the complaint, (ECF No. 7 at 3), is **GRANTED**. Plaintiffs may file an amended complaint no later than **December 24, 2012**. Consistent with Plaintiffs' motion, the Court grants leave for Plaintiffs to amend the complaint only as necessary to identify Defendant by proper name. Plaintiffs do not have leave to amend any other portion of the

complaint.   The Court further **DIRECTS** Plaintiffs to complete service of process <u>no later than</u> **30 days** after filing an amended Complaint;

(II)     Defendant's motion to dismiss pursuant to Rules 12(b)(2) for lack of personal jurisdiction and 12(b)(3) for improper venue are **DENIED WITHOUT PREJUDICE** to file a renewed motion, pending Plaintiffs' filing of an amended complaint as permitted in this Order;

(III)    Defendant's motion to dismiss pursuant to Rule 12(b)(4) for insufficient process is likewise **DENIED WITHOUT PREJUDICE** to file a renewed motion if Plaintiffs do not properly serve Defendant within the time set forth in this Order;

(IV)    Defendant's motion to dismiss pursuant to Rule 12(b)(5) for insufficient service of process is **DENIED**; and

(V)     Defendant's motion to dismiss Plaintiffs' loss of parental consortium claims pursuant to Rule 12(b)(6) for failure to state a claim is **GRANTED**.   Plaintiffs' claims for loss of parental consortium are **DISMISSED**.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER:     December 14, 2012

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE